IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTINA DEJESUS,<br><br>  Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS AMERICA, INC. D/B/A BIOLIFE PLASMA SERVICES,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Christina DeJesus ("Plaintiff" or "Ms. DeJesus"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages for unlawful discrimination based on race, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and unlawful discrimination

1

based on race/ethnicity and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 1343, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981, et. seq.

3.

Defendant Takeda Pharmaceuticals America, Inc. d/b/a Biolife Plasma Service ("Defendant") does business in this judicial District and Division and has its registered agent within this District and Division. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, the venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 7, 2022, and the EEOC issued its Notice of Right to Sue on October 11, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

6.

Plaintiff is a Female citizen of Georgia and the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant is now and, at all times relevant hereto, has been a corporation engaged in an industry affecting commerce. Defendant employed fifteen (15) or more employees for each working day of twenty or more weeks during 2021 and/or 2022. Defendant is therefore an "employer" as defined by Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under Title VII, at 42 U.S.C. 2000e(f).

9.

Defendant is a foreign corporation licensed to conduct business in this District.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 289 S Culver St, Lawrenceville, GA, 30046

**FACTUAL ALLEGATIONS**

11.

Plaintiff, who is of Hispanic descent, began working for Defendant on or about September 20, 2021, as a Senior Manager of Laboratory Operations.

12.

At the time of Plaintiff's employment, she was subjected to discriminatory comments and actions related to her race/ethnicity and national origin.

13.

Shortly after she started in October of 2021, Deborah Lori Lewis, Associate Director told Plaintiff she was getting "too spicy" and that "they don't do too well with that here."

14.

In October of 2021, Plaintiff complained to Cindy Sturchio, a Director of Laboratory Operations, and, later, to Brian Hammond, a Human Resources Director, about Ms. Lewis' discriminatory comments.

15.

Ms. Sturchio told Plaintiff to be patient and did not take any further steps to investigate Plaintiff's complaint.

16.

Mr. Hammond told Plaintiff that Ms. Lewis had had problems with other employees and to be patient, that it would work itself out.

17.

In November of 2021, during a work-related conversation, Ms. Lewis asked Plaintiff if she could understand English.

18.

On November 8, 2021, Plaintiff again informed Cindy Sturchio, a Director of Laboratory Operations, and Brian Hammond, a Human Resources Director, about Ms. Lewis' discriminatory comments.

19.

Ms. Sturchio again told Plaintiff to be patient.  Neither Ms. Sturchio or Mr. Hammond took no action to address Plaintiff's complaint.

20.

Defendant also discriminated against Plaintiff by paying her less than other non-Hispanic employees.

21.

In or about February 2022, Julie Mowery, a white American woman, was hired as a Senior Manager. Ms. Mowery had the same position and responsibilities as Plaintiff.

22.

Plaintiff learned through conversations with Ms. Mowery that Defendant was paying her $10,000.00 more than Plaintiff was being paid. In addition, Defendant provided Ms. Mowery one on one training which was not provided to Plaintiff.

23.

Ms. Mowery told Plaintiff that Defendant treated Plaintiff differently because she was a Puerto Rican.

24.

Plaintiff informed Mr. Hammond about unequal treatment and different pay.

25.

Mr. Hammond was irritated by Plaintiff's complaint and informed her that she should not ask him such questions.

26.

Despite Plaintiff's complaint about unequal pay, her salary was not changed and Plaintiff was never given a response to her complaint.

27.

The discrimination and unequal treatment did not stop.

28.

On several occasions, Defendant did not provide Plaintiff proper training and excluded her from important manager's meetings.

29.

By excluding Plaintiff from important manager meetings, Plaintiff was deprived of critical job-related information that affected her ability to do her job.

30.

On or about April 1, 2022, Jason Minnifield, a training coordinator, told Plaintiff that Defendant has a glass ceiling for minorities.

31.

Subsequently, Plaintiff asked members of Defendant's management if the reason for denying her training was her race.

32.

On or about April 7, 2022, Nicole Beckham (African American), Janae Thurmond (African American), and Brittany Paugh (Caucasian) participated in a quality event. Nicole was Brittany's direct trainer and Janae was another trainer in

the department that was in the area. Nicole was training Britany to complete tests performed on centrifuges.

33.

At the end of tests, Nicole had to record time on the centrifuges' card. However, Nicole signed the card earlier and left Britany alone to complete tests, which was a violation of Defendant's procedure.

34.

Plaintiff learned the following day of the violation of procedure by Nicole and Britany. Plaintiff conducted an investigation as required by Defendant's policy.

35.

Plaintiff spoke to Nicole and Britany who initially provided her with false statements. However, later Plaintiff was able to complete her investigation and reported the result to Ms. Sturchio.

36.

On or about April 14, 2022, Plaintiff had a meeting with Mr. Hammond, Travis Sanders, a Lab Supervisor, Markeith Smith, a Quality Manager, Josef Stuarts, Head of US Operations, Katherine Barret, a Lab Director from another location, Antony Bolle, a Quality Director, and Elizabeth Butterworth, an Associate Director of Quality.

37.

During that meeting Plaintiff and the other leadership team discussed disciplinary action against Nicole and Janae, but did not discuss disciplinary action against Britany.

38.

Mr. Hammond informed Plaintiff that she had to terminate Nicole and Britany.

39.

Nicole and Janae are African American women; Britany is white.

40.

Plaintiff disagreed with the leadership's decision and stated that there were similar instances in which white employees were not terminated for making similar mistakes.

41.

Nicole and Janae were terminated; Britany was not disciplined at all.

42.

In a subsequent conversation with Ms. Sturchio, Plaintiff elaborated on the prior incident in which three white technicians were caught falsifying maintenance

9

reports on a testing instrument that they had not performed and yet they were not fired.

43.

The failure to perform the required maintenance and calibration would render invalid any test results using that instrument.

44.

On April 22, 2022, Ms. Sturchio and Anthony Bolle, Quality Director, informed Plaintiff that she was terminated because she did not conduct a proper and immediate investigation of a quality event.

45.

Ms. Sturchio and Mr. Bolle told Plaintiff to leave immediately, and Plaintiff was escorted out of the facility.

46.

At the time of her termination, Plaintiff had not received any disciplinary actions, performance improvement plan, or negative performance review during her employment.

47.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

48.

Others outside the Plaintiff's protected class were treated more favorably, in that they were

## CLAIMS FOR RELIEF

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

49.

Plaintiff re-alleges paragraphs 11-48, above, as if set forth fully herein.

50.

Defendant's actions in subjecting Plaintiff to racial discrimination during her employment constitute unlawful discrimination on the basis of Plaintiff's race/ethnicity (Hispanic) in violation of Title VII.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken intentionally and with reckless disregard of Plaintiff's federally protected rights.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her race.

53.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

54.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

55.

Plaintiff re-alleges preceding paragraphs 11-48 as if set forth fully herein.

56.

Defendant's actions in subjecting Plaintiff to national origin discrimination constitute unlawful discrimination on the basis of Plaintiff's national origin (Puerto Rico) in violation of Title VII.

57.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

58.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her national origin.

59.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

60.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

61.

Plaintiff re-alleges preceding paragraphs 11-48 as if set forth fully herein.

62.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

63.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

64.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### COUNT IV: VIOLATION OF 42 U.S.C. § 1981
### RACE AND NATIONAL ORIGIN

65.

Plaintiff re-alleges preceding paragraphs 11-41 as if set forth fully herein.

66.

Plaintiff is an Hispanic woman.

67.

Plaintiff had an employment agreement with Defendant which constituted a "contract" within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

68.

Defendants subjected Plaintiff to unlawful discrimination on the basis of her race/ethnicity by denying her training, by compensating her at a rate less than that

which her similarly situated white employees received, and by terminating her employment.

69.

Defendant's actions in subjecting Plaintiff to discriminatory terms and conditions of employment constitute unlawful discrimination on the basis of his race/ethnicity in violation of 42 U.S.C. § 1981.

70.

The effect of the conduct was to deprive Plaintiff of economic opportunities and otherwise adversely effect Plaintiff's status as an employee, because of her race/ethnicity.

71.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

72.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

73.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in reckless disregard of Plaintiff's federally protected rights.

74.

Defendant chose not to take appropriate remedial steps to prevent or correct the discrimination about which Plaintiff complained.

## COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

75.

Plaintiff re-alleges preceding paragraphs 11-41 as if set forth fully herein.

76.

Plaintiff is an Hispanic woman.

77.

Defendants subjected Plaintiff to unlawful retaliation in violation of Section 1981 by terminating her employment.

78.

Plaintiff engaged in protected conduct when she complained about racial discrimination towards herself and other employees.

79.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct by, first, not demoting her pay and, subsequently, by terminating her employment.

80.

There was a causal connection between the protected conduct and adverse action.

81.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

82.

Defendant, therefore, is liable for the damages caused proximately resulting from its unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct as permitted under 42 U.S.C. §§ 1981 and 1981a;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts as permitted under 42 U.S.C. §§ 1981 and 1981a;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(i) Grant Plaintiff a trial by jury as to all triable issues of fact; and

(j) All other relief to which she may be entitled.

Respectfully submitted the 2nd day of January, 2023.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 646135

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com