**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| CHRISTINA DEJESUS,<br><br>              Plaintiff,<br><br>    v.<br><br>TAKEDA PHARMACEUTICALS AMERICA, INC. and BIOLIFE PLASMA SERVICES LP,<br><br>              Defendants. | Case No.          3:23-cv-00001-CDL |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Takeda Pharmaceuticals U.S.A., Inc. ("Takeda")[1] and BioLife Plasma Services LP ("BioLife," collectively with Takeda, "Defendants"), by and through their attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, and hereby submit their Answer and Affirmative Defenses to Plaintiff Christina DeJesus's ("Plaintiff") First Amended Complaint ("Complaint") as follows:

## NATURE OF COMPLAINT

### COMPLAINT ¶1:

Plaintiff brings this action for damages for unlawful discrimination based on race, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and unlawful discrimination based on race/ethnicity and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

### ANSWER:

Defendants admit Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and Section 1981 of the Civil

---

[1] Takeda is incorrectly named in the Complaint as Takeda Pharmaceuticals America, Inc.

Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Defendants, however, deny they engaged in any wrongdoing, deny Plaintiff is entitled to any relief whatsoever, and deny the remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 1343, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981, et. seq.

**ANSWER:**

Defendants admit jurisdiction is proper in this Court. Defendants deny the remaining allegations in Paragraph No. 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

Defendants Takeda Pharmaceuticals America, Inc. ("Defendant Takeda") and Biolife Plasma Service LP ("Defendant BioLife")(collectively, "Defendants") do business in this judicial District and Division and has its registered agent within this District and Division.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, the venue is appropriate in this Court.

**ANSWER:**

Defendants admit they conduct business in this judicial District and Division, have a registered agent within this District and Division, and that venue is proper in this Court. Defendants deny the remaining allegations in Paragraph No. 3 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

**COMPLAINT ¶4:**

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 7, 2022, against Takeda Pharmaceautical Company/BioLife Plasma Services.  The EEOC issued its Notice of Right to Sue on October 11, 2022.

**ANSWER:**

Defendants admit Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2022-04831, and that the EEOC issued a Notice of Right to Sue dated October 11, 2022. Defendants deny the remaining allegations in Paragraph No. 4 of Plaintiff's Complaint.

**COMPLAINT ¶5:**

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**ANSWER:**

Defendants admit Plaintiff filed her original complaint on January 2, 2023, which is within 90 days of the EEOC issuing the Notice of Right to Sue on her Charge. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

**PARTIES**

**COMPLAINT ¶6:**

Plaintiff is a female citizen of Georgia and the United States of America and is subject to the jurisdiction of this Court.

**ANSWER:**

Upon information and belief, Defendants admit the allegations in Paragraph No. 6 of Plaintiff's Complaint.

**COMPLAINT ¶7:**

Defendant Takeda is now and, at all times relevant hereto, has been a corporation engaged in an industry affecting commerce.  Defendant employed fifteen (15) or more employees for each working day of twenty or more weeks during 2021 and/or 2022.  Defendant is therefore an "employer" as defined by Title VII in accordance with 42 U.S.C. § 2000e(b).

**ANSWER:**

Takeda admits the allegations in Paragraph No. 7 of Plaintiff's Complaint.

**COMPLAINT ¶8:**

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant Takeda, as defined under Title VII, at 42 U.S.C. 2000e(f).

**ANSWER:**

Takeda denies the allegations in Paragraph No. 8 of Plaintiff's Complaint.

**COMPLAINT ¶9:**

Defendant Takeda is a foreign corporation licensed to conduct business in this District.

**ANSWER:**

Takeda admits the allegations in Paragraph No. 9 of Plaintiff's Complaint.

**COMPLAINT ¶10:**

Defendant Takeda may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, located at 289 S Culver Street, Lawrenceville, GA, 30046.

**ANSWER:**

Takeda admits the allegations in Paragraph No. 10 of Plaintiff's Complaint.

**COMPLAINT ¶11:**

Defendant BioLife is now and, at all times relevant hereto, has been a corporation engaged in an industry affecting commerce. Defendant employed fifteen (15) or more employees for each working day of twenty or more weeks during 2021 and/or 2022. Defendant is therefore an "employer" as defined by Title VII in accordance with 42 U.S.C. § 2000e(b).

**ANSWER:**

BioLife admits the allegations in Paragraph No. 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant BioLife, as defined under Title VII, at 42 U.S.C. 2000e(f).

91866641v.7

**ANSWER:**

BioLife admits the allegations in Paragraph No. 12 of Plaintiff's Complaint.

**COMPLAINT ¶13:**

Defendant BioLife is a foreign limited partnership licensed to conduct business in this District. Biolife may be served by service on CT Corporation System,289 Culver Street, Lawrenceville, GA, 30046, USA.

**ANSWER:**

BioLife admits the allegations in Paragraph No. 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

Defendant Takeda may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, located at 289 S Culver Street, Lawrenceville, GA, 30046.

**ANSWER:**

Takeda admits the allegations in Paragraph No. 14 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶15:**

Plaintiff, who is of Hispanic descent, began working for Defendants on or about September 20, 2021, as a Senior Manager of Laboratory Operations.

**ANSWER:**

Defendants admit that Plaintiff began working for BioLife on or about September 20, 2021, as a Senior Manager of Laboratory Operations. Defendants are without knowledge or information sufficient to form a belief regarding whether Plaintiff is of Hispanic descent, and therefore deny said allegations.

**COMPLAINT ¶16:**

At the time of Plaintiff's employment, she was subjected to discriminatory comments and actions related to her race/ethnicity and national origin.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

Shortly after she started in October of 2021, Deborah Lori Lewis, Associate Director told Plaintiff she was getting "too spicy" and that "they don't do too well with that here."

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the

allegations in Paragraph 17 of Plaintiff's Complaint, and therefore deny said allegations.

**COMPLAINT ¶18:**

In October of 2021, Plaintiff complained to Cindy Sturchio, a Director of Laboratory Operations, and, later, to Brian Hammond, a Human Resources Director, about Ms. Lewis' discriminatory comments.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 18 of Plaintiff's Complaint.

**COMPLAINT ¶19:**

Ms. Sturchio told Plaintiff to be patient and did not take any further steps to investigate Plaintiff's complaint.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

Mr. Hammond told Plaintiff that Ms. Lewis had had problems with other employees and to be patient, that it would work itself out.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

In November of 2021, during a work-related conversation, Ms. Lewis asked Plaintiff if she could understand English.

91866641v.7

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding the

allegations in Paragraph 21 of Plaintiff's Complaint, and therefore deny said allegations.

**COMPLAINT ¶22:**

In early November 2021, Plaintiff again informed Cindy Sturchio, a Director of Laboratory Operations, and Brian Hammond, a Human Resources Director, about Ms. Lewis' discriminatory comments.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

Ms. Sturchio again told Plaintiff to be patient.  Neither Ms. Sturchio or Mr. Hammond took no action to address Plaintiff's complaint.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 23 of Plaintiff's Complaint.

**COMPLAINT ¶24:**

Defendants also discriminated against Plaintiff by paying her less than other non-Hispanic employees.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 24 of Plaintiff's Complaint.

**COMPLAINT ¶25:**

In or about February 2022, Julie Mowery, a white American woman, was hired as a Senior Manager.  Ms. Mowery had the same position and responsibilities as Plaintiff.

**ANSWER:**

Defendants admit that Julie Mowery was hired as Senior Manager Laboratory Operations

in or about February 2022. Defendants deny the remaining allegations in Paragraph No. 25 of

Plaintiff's Complaint.

**COMPLAINT ¶26:**

Plaintiff learned through conversations with Ms. Mowery that Defendants were paying her $10,000.00 more than Plaintiff was being paid. In addition, Defendant provided Ms. Mowery one on one training which was not provided to Plaintiff.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 26 of Plaintiff's Complaint.

**COMPLAINT ¶27:**

Ms. Mowery told Plaintiff that Defendant treated Plaintiff differently because she was a Puerto Rican.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 27 of Plaintiff's Complaint.

**COMPLAINT ¶28:**

Plaintiff informed Ms. Sturchio about the unequal treatment and different pay.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 28 of Plaintiff's Complaint.

**COMPLAINT ¶29:**

Mr. Hammond was irritated by Plaintiff's complaints of unequal pay, and informed her that she should not ask him such questions.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 29 of Plaintiff's Complaint.

**COMPLAINT ¶30:**

Despite Plaintiff's complaint about unequal pay, her salary was not changed and Plaintiff was never given a response to her complaint.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 30 of Plaintiff's Complaint.

91866641v.7

**COMPLAINT ¶31:**

The discrimination and unequal treatment did not stop.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

On several occasions, Defendant did not provide Plaintiff proper training and excluded her from important manager's meetings.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 32 of Plaintiff's Complaint.

**COMPLAINT ¶33:**

By excluding Plaintiff from important manager meetings, Plaintiff was deprived of critical job-related information that affected her ability to do her job.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 33 of Plaintiff's Complaint.

**COMPLAINT ¶34:**

On or about April 1, 2022, Jason Minnifield, a training coordinator, told Plaintiff that Defendant has a glass ceiling for minorities.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 34 of Plaintiff's Complaint.

**COMPLAINT ¶35:**

Subsequently, Plaintiff asked members of Defendants' management if the reason for denying her training was her race.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 35 of Plaintiff's Complaint.

91866641v.7

**COMPLAINT ¶36:**

On or about April 7, 2022, Nicole Beckham (African American), Janae Thurmond (African American), and Brittany Paugh (Caucasian) participated in a "quality event". Nicole was Brittany's direct trainer and Janae was another trainer in the department that was in the area. Nicole was training Britany to complete process samples performed in centrifuges.

**ANSWER:**

Defendants admit that on April 7, 2022, Senior Sample Technician Nicole Beckham was responsible for overseeing the training of Sample Receiving Technician Brittany Paugh, which included training in preparing donor samples for testing, and that Senior Sample Receiving Technician Janae Thurmond was working in the area. Defendants deny the remaining allegations in Paragraph No. 36 of Plaintiff's Complaint.

**COMPLAINT ¶37:**

At the end of tests, Nicole had to record time on the centrifuges' card. However, Nicole signed the card earlier and left Britany alone to complete the tasks, which was a violation of Defendants' procedure.

**ANSWER:**

Defendants admit Nicole Beckham was required to sign-off on sample records at the end of testing and that she left work early on April 7, 2022. Defendants admit Nicole Beckham's failure to supervise Brittany Paugh's work and her sign-off on incomplete work violated operating and training procedures. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

**COMPLAINT ¶38:**

Plaintiff learned the following day of the violation of procedure by Nicole and Britany. Plaintiff conducted an investigation as required by Defendants' policy.

91866641v.7

**ANSWER:**

Upon information and belief, Defendants admit Plaintiff learned of the safety violation on the morning of April 8, 2022. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

**COMPLAINT ¶39:**

Plaintiff spoke to Nicole and Britany who initially provided her with false statements. However, later Plaintiff was able to complete her investigation and reported the result to Ms. Sturchio.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

**COMPLAINT ¶40:**

On or about April 14, 2022, Plaintiff had a meeting with Mr. Hammond, Travis Sanders, a Lab Supervisor, Markeith Smith, a Quality Manager, Josef Stuarts, Head of US Operations, Katherine Barret, a Lab Director from another location, Antony Bolle, a Quality Director, and Elizabeth Butterworth, an Associate Director of Quality.

**ANSWER:**

Defendants admit a meeting was held on or about April 14, 2022 between Brian Hammond, Travis Sanders, Markeith Smith, Josef Stuarts, Katherine Barret, Anthony Bolle, and Elizabeth Butterworth, and that Plaintiff attended said meeting. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

**COMPLAINT ¶41:**

During that meeting Plaintiff and the other leadership team discussed disciplinary action against Nicole and Janae, but did not discuss disciplinary action against Britany.  Rather, it was stated that there would be no further discussion or intent to hold Brittany accountable.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

91866641v.7

**COMPLAINT ¶42:**

Mr. Hammond informed Plaintiff that she had to terminate Nicole and Janae.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

**COMPLAINT ¶43:**

Nicole and Janae are African American women; Britany is white.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 43 of Plaintiff's Complaint.

**COMPLAINT ¶44:**

Plaintiff disagreed with the leadership's decision and stated that there were similar instances in which white employees were not terminated for making similar mistakes.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

**COMPLAINT ¶45:**

Nicole and Janae were terminated; Britany was not disciplined at all.

**ANSWER:**

Defendants admit Nicole Beckham and Janae Thurmond were terminated and deny the

remaining allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

**COMPLAINT ¶46:**

In a subsequent conversation with Ms. Sturchio, Plaintiff elaborated on the prior incident in which three white technicians were caught falsifying maintenance reports on a testing instrument that they had not performed and yet they were not fired.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

**COMPLAINT ¶47:**

The failure to perform the required maintenance and calibration would render invalid any test results using that instrument.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 47 of Plaintiff's Complaint.

**COMPLAINT ¶48:**

On April 22, 2022, Ms. Sturchio and Anthony Bolle, Quality Director, informed Plaintiff that she was terminated because she did not conduct a proper and immediate investigation of a quality event.

**ANSWER:**

Defendants admit that on April 21, 2022, Ms. Sturchio and Mr. Bolle communicated to Plaintiff that BioLife had terminated Plaintiff's employment due to a pattern of unacceptable behavior, as well as her handling of the events of April 7, 2022. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph No. 48 of Plaintiff's Complaint.

**COMPLAINT ¶49:**

Ms. Sturchio and Mr. Bolle told Plaintiff to leave immediately, and Plaintiff was escorted out of the facility.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

**COMPLAINT ¶50:**

At the time of her termination, Plaintiff had not received any disciplinary actions, performance improvement plan, or negative performance review during her employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

**COMPLAINT ¶51:**

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

**COMPLAINT ¶52:**

Others outside the Plaintiff's protected class were treated more favorably, in that they were

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 52 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**COMPLAINT ¶53:**

Plaintiff re-alleges paragraphs 15-52, above, as if set forth fully herein.

**ANSWER:**

Defendants restate their answers to Paragraph Nos. 15 through 52 of Plaintiff's Complaint

as if fully set forth herein.

**COMPLAINT ¶54:**

Defendants' actions in subjecting Plaintiff to racial discrimination during her employment constitute unlawful discrimination on the basis of Plaintiff's race/ethnicity (Hispanic) in violation of Title VII.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 54 of Plaintiff's Complaint.

**COMPLAINT ¶55:**

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken intentionally and with reckless disregard of Plaintiff's federally protected rights.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 55 of Plaintiff's Complaint.

**COMPLAINT ¶56:**

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her race.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 56 of Plaintiff's Complaint.

**COMPLAINT ¶57:**

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 57 of Plaintiff's Complaint.

**COMPLAINT ¶58:**

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 58 of Plaintiff's Complaint.

### COUNT II:  NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**COMPLAINT ¶59:**

Plaintiff re-alleges preceding paragraphs 15-52 as if set forth fully herein.

**ANSWER:**

Defendants restate their answers to Paragraph Nos. 15 through 52 of Plaintiff's Complaint

as if fully set forth herein.

**COMPLAINT ¶60:**

Defendants' actions in subjecting Plaintiff to national origin discrimination constitute unlawful discrimination on the basis of Plaintiff's national origin (Puerto Rico) in violation of Title VII.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 60 of Plaintiff's Complaint.

**COMPLAINT ¶61:**

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 61 of Plaintiff's Complaint.

**COMPLAINT ¶62:**

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her national origin.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 62 of Plaintiff's Complaint.

**COMPLAINT ¶63:**

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 63 of Plaintiff's Complaint.

**COMPLAINT ¶64:**

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 64 of Plaintiff's Complaint.

**COUNT III:  RETALIATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

**COMPLAINT ¶65:**

Plaintiff re-alleges preceding paragraphs 15-52 as if set forth fully herein.

91866641v.7

**ANSWER:**

Defendants restate their answers to Paragraph Nos. 15 through 52 of Plaintiff's Complaint as if fully set forth herein.

**COMPLAINT ¶66:**

Defendants' actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 66 of Plaintiff's Complaint.

**COMPLAINT ¶67:**

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 67 of Plaintiff's Complaint.

**COMPLAINT ¶68:**

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 68 of Plaintiff's Complaint.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981
RACE AND NATIONAL ORIGIN**

**COMPLAINT ¶69:**

Plaintiff re-alleges preceding paragraphs 15-52 as if set forth fully herein.

**ANSWER:**

Defendants restate their answers to Paragraph Nos. 15 through 52 of Plaintiff's Complaint as if fully set forth herein.

91866641v.7

**COMPLAINT ¶70:**

Plaintiff is an Hispanic woman.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding whether Plaintiff is of Hispanic descent, and therefore deny said allegations.

**COMPLAINT ¶71:**

Plaintiff had an employment agreement with Defendant which constituted a "contract" within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 71 of Plaintiff's Complaint.

**COMPLAINT ¶72:**

Defendants subjected Plaintiff to unlawful discrimination on the basis of her race/ethnicity by denying her training, by compensating her at a rate less than that which her similarly situated white employees received, and by terminating her employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 72 of Plaintiff's Complaint.

**COMPLAINT ¶73:**

Defendants' actions in subjecting Plaintiff to discriminatory terms and conditions of employment constitute unlawful discrimination on the basis of his race/ethnicity in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 73 of Plaintiff's Complaint.

**COMPLAINT ¶74:**

The effect of the conduct was to deprive Plaintiff of economic opportunities and otherwise adversely effect Plaintiff's status as an employee, because of her race/ethnicity.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 74 of Plaintiff's Complaint.

**COMPLAINT ¶75:**

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 75 of Plaintiff's Complaint.

**COMPLAINT ¶76:**

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 76 of Plaintiff's Complaint.

**COMPLAINT ¶77:**

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in reckless disregard of Plaintiff's federally protected rights.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 77 of Plaintiff's Complaint.

**COMPLAINT ¶78:**

Defendants chose not to take appropriate remedial steps to prevent or correct the discrimination about which Plaintiff complained.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 78 of Plaintiff's Complaint.

## COUNT IV:  RETALIATION IN
## VIOLATION OF 42 U.S.C. 1981

**COMPLAINT ¶79:**

Plaintiff re-alleges preceding paragraphs 15-52 as if set forth fully herein.

**ANSWER:**

Defendants restate their answers to Paragraph Nos. 15 through 52 of Plaintiff's Complaint

as if fully set forth herein.

**COMPLAINT ¶80:**

Plaintiff is an Hispanic woman.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief regarding

whether Plaintiff is of Hispanic descent, and therefore deny said allegations.

**COMPLAINT ¶81:**

Defendants subjected Plaintiff to unlawful retaliation in violation of Section 1981 by
terminating her employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 81 of Plaintiff's Complaint.

**COMPLAINT ¶82:**

Plaintiff engaged in protected conduct when she complained about racial discrimination
towards herself and other employees.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 82 of Plaintiff's Complaint.

**COMPLAINT ¶83:**

Defendants subjected Plaintiff to adverse employment actions after Plaintiff engaged in
protected conduct by, first, not demoting her pay and, subsequently, by terminating her
employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 83 of Plaintiff's Complaint.

**COMPLAINT ¶84:**

There was a causal connection between the protected conduct and adverse action.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 84 of Plaintiff's Complaint.

**COMPLAINT ¶85:**

As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 85 of Plaintiff's Complaint.

**COMPLAINT ¶86:**

Defendants, therefore, are liable for the damages caused proximately resulting from its unlawful retaliation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 86 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)    General damages for mental and emotional suffering caused by Defendants' misconduct as permitted under 42 U.S.C. §§ 1981 and 1981a;

(b)    Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts as permitted under 42 U.S.C. §§ 1981 and 1981a;

(c)    Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)    Reasonable attorney's fees and expenses of litigation;

(e)    Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendants have violated Plaintiffs statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(i)     Grant Plaintiff a trial by jury as to all triable issues of fact; and

(j)     All other relief to which she may be entitled.

## ANSWER:

Defendants admit Plaintiff requests certain relief, but deny they engaged in any wrongdoing, deny Plaintiff is entitled to any relief whatsoever, and deny the remaining allegations in the Prayer for Relief paragraph.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites before bringing her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### SECOND DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

### THIRD DEFENSE

To the extent Plaintiff alleges any of Defendants' employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendants, and was undertaken without the Defendants' knowledge or consent.  Thus, Defendants are not liable for any such conduct, if it

22

occurred.

### FOURTH DEFENSE

Defendants assert that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendants expressly deny, the same decision(s) would have been reached for legitimate business reasons.

### FIFTH DEFENSE

To the extent Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

### SIXTH DEFENSE

Defendants cannot be held liable for any unlawful or wrongful acts, to the extent they occurred, because any such acts were contrary to Defendants' express policies, procedures, and/or good faith efforts to comply with applicable law.

### SEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendants made good faith efforts to comply with all applicable state and federal laws.

### EIGHTH DEFENSE

All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons and factors.  All of Defendants' actions regarding Plaintiff were taken in good faith.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any conduct alleged to violate Title VII, Section 1981, the laws of the State of Georgia, or any other applicable law, and Plaintiff unreasonably failed to take

advantage of any preventative or corrective opportunities Defendants provided or to avoid harm otherwise.

## <u>TENTH DEFENSE</u>

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## <u>ELEVENTH DEFENSE</u>

Any relief to which Plaintiff may be entitled is barred or otherwise affected by the doctrines of after-acquired evidence, unclean hands, laches, and/or estoppel.

## <u>TWELFTH DEFENSE</u>

Takeda is not a proper party to this civil action as Takeda was not the employer of Plaintiff.

## <u>THIRTEENTH DEFENSE</u>

Defendants reserve the right to assert additional affirmative defenses as may appear applicable during the course of this litigation, and hereby specifically reserve the right to amend this Answer for the purpose of asserting any additional affirmative defenses.

WHEREFORE, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendants their reasonable costs, expenses, and any and all other relief the Court deems just and proper.

DATED:  February 28, 2023                    Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By: */s/ Alex S. Drummond*

                                                   Alex S. Drummond, Bar No. 231116
                                                   adrummond@seyfarth.com
                                                   Travis M. Cashbaugh, Bar No. 380162
                                                   tcashbaugh@seyfarth.com
                                                   SEYFARTH SHAW LLP
                                                   1075 Peachtree Street, N.E.
                                                   Suite 2500
                                                   Atlanta, Georgia  30309-3958
                                                   Telephone:  (404) 885-1500
                                                   Facsimile:  (404) 892-7056

                                             Attorneys for Defendants
                                             Takeda Pharmaceuticals America, Inc. and
                                             Biolife Plasma Services LP

91866641v.7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| CHRISTINA DEJESUS, | Case No.        3:23-cv-00001-CDL |
| Plaintiff, | |
| v. | |
| TAKEDA PHARMACEUTICALS AMERICA, INC. and BIOLIFE PLASMA SERVICES LP, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I certify that on February 28, 2023, I filed the foregoing ***DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT*** with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorney of record:

Matthew C. Billips
Georgia Bar No. 646135
Email: matt@justiceatwork.com
BARRETT & FARAHANY, LLP
P.O. Box 530092
Atlanta, Georgia 30353

By: */s/ Alex S. Drummond*
Alex S. Drummond
Counsel for Defendants

91866641v.7